FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION  15 JUN 29  AM 10: 38

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

PK STUDIOS, INC.,

    Plaintiff,

v.                                                                          Case No. _____

R.L.R. INVESTMENTS, LLC,
EAGLES LANDING VILLAS at GOLDEN OCALA, LLC,
GOLDEN OCALA GOLF & EQUESTRIAN CLUB MANAGEMENT, LLC,
STOCK DEVELOPMENT, LLC, and BRIAN STOCK,

    Defendants.

2:15-cv-389-FtM-99CM

_____/

## COMPLAINT

Plaintiff, PK STUDIOS, INC. (hereinafter "Plaintiff"), by and through its undersigned counsel and in accordance with the Federal Rules of Civil Procedure, files this Complaint against Defendants, R.L.R. INVESTMENTS, LLC, EAGLES LANDING VILLAS at GOLDEN OCALA, LLC, GOLDEN OCALA GOLF & EQUESTRIAN CLUB MANAGEMENT, LLC, STOCK DEVELOPMENT, LLC, and BRIAN STOCK, and in support thereof states the following:

### PARTIES

1. Plaintiff, PK STUDIOS, INC., is a Florida corporation with its principal place of business located at 2550 Goodlette Road North, Naples, Florida, 34103.

2. Defendant, R.L.R. INVESTMENTS, LLC (hereinafter "R.L.R."), is an Ohio limited liability company with its principal place of business located at 7340 North U.S. Highway 27, Ocala, Florida 34482, and its mailing address as 600 Gillam Road, Wilmington, Ohio 45177. Two of the officers of R.L.R. have the same mailing address at 7290 College Parkway, Suite 400, Fort Myers, Florida 33907.

3. Defendant, EAGLES LANDING VILLAS at GOLDEN OCALA, LLC, (hereinafter "Eagles Landing"), is an Ohio limited liability company with its principal address being 600

Gillam Road, Wilmington, Ohio 45177. Two of the officers of Eagles Landing have the same mailing address at 7290 College Parkway, Suite 400, Fort Myers, Florida 33907.

4. Defendant, GOLDEN OCALA GOLF & EQUESTRIAN CLUB MANAGEMENT, LLC (hereinafter "Golden Ocala"), is an Ohio limited liability company with its principal place of business located at 600 Gillam Road, Wilmington, Ohio 45177. Two of the officers of Golden Ocala have the same mailing address at 7290 College Parkway, Suite 400, Fort Myers, Florida 33907.

5. Defendant, STOCK DEVELOPMENT, LLC (hereinafter "Stock Development"), is a Florida limited liability company with its principal place of business located at 2647 Professional Circle, Suite 1201, Naples, Florida 34119.

6. Defendant, BRIAN STOCK, is an adult individual, *sui juris*, who resides and conducts business in Collier County, Florida.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1338(a) because this case arises under the Copyright Act of 1976, 17 U.S.C. § 411(a).

8. Defendants are subject to jurisdiction in this Court because all parties regularly conduct business in the State of Florida.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and because substantial acts giving rise to Plaintiff's claims have occurred in this Division.

10. Defendants, R.L.R., Eagles Landing, and Golden Ocala (hereinafter the "Developer Defendants"), entered into an alleged license agreement to use Plaintiff's original Work for the Olé and Paseo communities located in Lee and Collier Counties with Defendants, Stock Development, LLC and Brian Stock, in this Division. The work was created in this Division.

## FACTUAL BACKGROUND

11. Plaintiff is an architectural firm comprised of licensed architects conducting business out of its sole and principal office in Collier County, Florida. On Sept. 22, 2004, Plaintiff (formerly

2

known as Architectural Network, Inc.) entered into a contract with Stock Development and Brian Stock to create a master plan and architectural designs for homes/townhomes in both the Olé and Paseo communities, located in Collier and Lee Counties, respectively.

12. Plaintiff completed the requested designs for Stock Development, and construction began shortly thereafter. Plaintiff is the author and owner of the home/townhome plans (hereinafter referred to as "the Work").

13. On March 4, 2009, Stock Development decided to terminate its original design contract with Plaintiff for the Olé and Paseo master planned communities. Stock Development notified Plaintiff of its wish to terminate the parties' design contract in a letter entitled "Cancellation of Contractual Agreement between Plaintiff and Stock Development," a true and correct copy of which is attached hereto as Exhibit "A". This letter also contained the parties' Release Agreement, pursuant to which the Plaintiff agreed to terminate its original design contract with Stock Development and release its drawings to Stock Development for use on the Olé and Paseo projects, and any other project solely developed by Stock Development, in exchange for a lump sum to be paid by Stock Development in the amount of $100,000.

14. Per the conditions of the Release Agreement, Stock Development acknowledged that the drawings and specifications released by Plaintiff were to remain the property of PK Studios. *See* Exhibit "A".

15. In addition, Stock Development agreed that Plaintiff would reserve the right to exclusive copyright and other intellectual property rights to the Work, and that any future architect's use of the Work would be prohibited unless the architect signed and returned an indemnification agreement to Plaintiff. *See* Exhibit "A".

16. Stock Development subsequently hired other architects to complete the Olé and Paseo projects.

17. In May 2014, Plaintiff was contacted by a representative of a contractor (F&G Construction) who appeared to be confused and thought Plaintiff was the architectural firm for the Eagles Landing project in Ocala, Florida.

18. Plaintiff subsequently discovered that its Work was being infringed upon by Defendants, as the developer for Eagles Landing, which is a sub-parcel development within Golden Ocala. The Parcel ID for this development is 12647-002-00 in Marion County, Florida.

19. After the Work was created, the Developer Defendants infringed Plaintiff's copyright by advertising, designing, constructing and participating in the construction of one or more residences that were exact duplicates, with exception of minor cosmetic changes, of the Work.

20. To date, Defendants have sold multiple units in Eagles Landing using Plaintiff's Work and other residences are currently under construction utilizing Plaintiff's Work.

21. On November 21, 2014, Plaintiff issued a cease and desist letter to Golden Ocala. *See* Cease and Desist Letter, a true and correct copy of which is attached hereto as Exhibit "B".

22. On December 3, 2014, Plaintiff applied for a copyright application to receive a Certificate of Copyright Registration of the Work. *See* the Copyright Application, a true and correct copy of which is attached hereto as Exhibit "C".

23. Plaintiff's Work has been registered with the United States Copyright Office as number VA0001938165 / 2014-12-04. *See* the Copyright Registration, a true and correct copy of which is attached hereto as Exhibit "D".

24. On December 5, 2014, Plaintiff received a letter from Golden Ocala informing Plaintiff that Stock Development had allegedly licensed the Work to Golden Ocala for limited use in Eagles Landing. *See* the Letter entitled "Copyright Claim by PKSTUDIOS (Your Ref. 14-8714)," a true and correct copy of which is attached hereto as Exhibit "E". Stock Development and Brian Stock only obtained a limited license for their use of the Work in a future wholly-owned Stock Development project. Stock Development and Brian Stock had absolutely no right to license the Work to the Developer Defendants.

25. Despite receiving the cease and desist letter, a true and correct copy of which is attached hereto as Exhibit "B", Defendants intentionally refused to confirm whether Stock Development and Stock had either: (1) a copyright to the Work; or, (2) the right to license the Work.

26. Recently, counsel for Plaintiff sent additional correspondence to counsel for the Developer Defendants. *See* the Letter entitled "Copyright Claim by PK Studios, Inc. against Golden Ocala Golf & Equestrian Club Management, LLC/Ralph Roberts, et al.", a true and correct copy of which is attached hereto as Exhibit "F".

27. Plaintiff is the author and owner of the federal copyright in the Work.

28. The Work being infringed upon contains a large amount of material wholly original to Plaintiff and is copyrightable subject matter under federal law of this District.

29. Plaintiff has fully complied with all applicable laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyright of the Work.

30. At all relevant times to this Complaint, Defendants, R.L.R., Eagles Landing, Golden Ocala, Stock Development, and Brian Stock, willfully participated in, or, contributed, to the infringing activity described above.

31. Defendants, R.L.R., Eagles Landing, and Golden Ocala, began advertising, designing and constructing homes in Eagles Landing in a manner that was identical to, or, substantially similar to, Plaintiff's original Work for the homes in the Olé and Paseo communities, and has therefore infringed on the Work owned by Plaintiff.

32. Neither R.L.R., nor Eagles Landing, nor Golden Ocala sought to obtain a license from, or the consent of, Plaintiff to use its Work in their non-Stock Development project in Ocala.

33. The Developer Defendants have intentionally infringed and continue to intentionally infringe on the Work.

## COUNT I
## COPYRIGHT INFRINGEMENT

34. Plaintiff incorporates paragraphs 1 through 33 as if set forth here in full.

35. Defendants R.L.R., Eagles Landing, and Golden Ocala, have willfully and intentionally infringed Plaintiff's copyright of the Work related to the Olé and Paseo communities.

36. Defendants R.L.R., Eagles Landing, and Golden Ocala, have utilized Plaintiff's copyrighted material for commercial profit in designing and constructing Eagles Landing without the consent or approval of Plaintiff.

37. Defendants R.L.R., Eagles Landing, and Golden Ocala, have never paid for nor obtained a license to use and retain Plaintiff's copyrighted Work.

38. All Defendants have acted knowingly in infringing upon Plaintiff's copyrighted and protected intellectual property.

39. As a result of the infringement of Plaintiff's copyrighted Work, Plaintiff has suffered actual damages.

40. Any continued unauthorized and infringing use by the Defendants of the Work will, unless enjoined, cause irreparable harm, damage and injury to the Plaintiff in that the construction or advertising of any additional structures based upon the Work will severely diminish the value of the original Work, constitute unfair competition with Plaintiff's exclusive right to the use of the Work and dilute the market for the Work.

41. Plaintiff has employed the services of the law firm of Woods, Weidenmiller, Michetti & Rudnick, P.L. to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily and permanently enjoined from infringing the aforementioned copyright, from advertising

  or constructing any structure based upon the copy written work and from reproducing or otherwise distributing or selling it in whole or in part.

B.  That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and Defendants' unfair trade practices and unfair competition and to account for all:

  i. Gains, profits and advantages derived by Defendants through such trade practices and unfair competition: and

  ii. Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyright.

C.  That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's copyright.

D.  That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the court.

E.  Such other and further relief as is just.

## COUNT II
## BREACH OF CONTRACT

42. Plaintiff incorporates paragraphs 1 through 33 as if set forth here in full.

43. On March 4, 2009, Plaintiff entered into a Release Agreement with Defendants, Stock Development and Brian Stock. *See* Exhibit "A".

44. Pursuant to the terms of the Release Agreement, Plaintiff reserved the exclusive copyright and intellectual property rights to the Work. Stock Development was only provided with a limited license for use of Plaintiff's Work on future Stock Development projects. *See* Exhibit "A". Any use of the Work for projects other than those of Stock Development was prohibited. *See* Exhibit "A".

45. Additionally, Stock Development agreed that any future use of the Work by a future architect under Stock Development's direction would need to first sign and return an indemnification agreement to Plaintiff prior to the architect's use of the Work. *See* Exhibit "A".

46. On November 5, 2012, Stock Development and Brian Stock purportedly entered into a Limited License Agreement with R.L.R. in which Stock Development had granted the limited use of Plaintiff's Work to R.L.R. *See* Limited License Agreement, a true and correct copy of which is an attachment to Exhibit "E".

47. Within the Limited License Agreement, Stock Development and Brian Stock had expressly warranted that they owned the respective rights to the Work, and that such rights were not subject to any prior agreement that could interfere with the limited license therein granted to R.L.R. *See* Limited License Agreement, a true and correct copy of which is an attachment to Exhibit "E".

48. Stock Development and Brian Stock have breached the terms of the Release Agreement by entering into the Limited License Agreement with R.L.R.

49. Stock Development and Brian Stock have also breached the terms of the Release Agreement by warranting that they owned all respective rights to Plaintiff's Work.

50. By breaching the terms of the Release Agreement with Plaintiff, Stock Development and Brian Stock have directly contributed to the infringement of Plaintiff's Work.

51. As a result of the breach of contract, Plaintiff has suffered actual damages.

WHEREFORE, Plaintiff requests this Court to enter judgment in Plaintiff's favor against the Defendants, Stock Development and Brian Stock, for damages, together with an award of attorneys' fees and costs, and all such other and further relief as the Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF

52. Plaintiff incorporates paragraphs 1 through 33 as if set forth here in full.

53. This is an action for declaratory relief in which Plaintiff requests that the Court enter an Order declaring that Stock Development and Brian Stock had no legal right to grant a limited license for use of Plaintiff's Work to R.L.R.

54. Pursuant to the terms of the Release Agreement, Plaintiff reserved the exclusive copyright and intellectual property rights to the Work, and only provided Stock Development with a limited license for use of Plaintiff's Work on future Stock Development projects. *See* Exhibit "A". Any use of the Work for projects other than those of Stock Development was prohibited. *See* Exhibit "A".

55. Additionally, Stock Development agreed that any future use of the Work by a future architect under Stock Development's direction would need to first sign and return an indemnification agreement to Plaintiff prior to the architect's use of the Work. *See* Exhibit "A".

56. On November 5, 2012, Stock Development and Brian Stock purportedly entered into a Limited License Agreement with R.L.R. in which limited use of Plaintiff's Work was granted to R.L.R. by Stock Development. *See* attachment to Exhibit "E".

57. Stock Development and Brian Stock contend that they did have the right to grant a limited license for use of Plaintiff's Work to R.L.R.

58. There is a bona fide, actual, present practical need for the declaration sought.

59. All antagonistic and adverse parties are before the Court.

60. There is an actual, justiciable controversy between the parties, and the declaration sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff requests that the Court enter an Order declaring that Stock Development and Brian Stock did not have the legal right to grant a limited license for use of Plaintiff's Work to R.L.R. without the consent of Plaintiff, together with an award of attorney's fees and costs, and all such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all matters relative to this Complaint and all subsequent pleadings be heard by a jury in accordance with applicable federal law.

Dated this 26th day of June, 2015.

                **WOODS, WEIDENMILLER, MICHETTI & RUDNICK, P.L**

                By: */s/ Gregory N. Woods*
                    Gregory N. Woods
                    Florida Bar No. 175500
                    9045 Strada Stell Court, Suite 400
                    Naples, FL 34109
                    (239) 325-4070 – Telephone
                    (239) 325-4080 – Facsimile
                    gwoods@lawfirmnaples.com (primary)
                    dbutterworth@lawfirmnaples.com (secondary)
                    Attorneys for Plaintiff