```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

PK STUDIOS, INC.,

       Plaintiff,

v.                                       Case No: 2:15-cv-389-FtM-99CM

R.L.R. INVESTMENTS, LLC, EAGLES LANDING VILLAS AT GOLDEN OCALA, LLC, GOLDEN OCALA GOLF & EQUESTRIAN CLUB MANAGMENT, LLC, STOCK DEVELOPMENT, LLC, and BRIAN STOCK,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. #30) filed on September 30, 2015. Plaintiff filed a Response (Doc. #35) on November 10, 2015 to which Defendants filed a Reply (Doc. #47) on December 22, 2015. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff PK Studios, Inc. (PK Studios) has filed a three-count Complaint (Doc. #1) against Defendants R.L.R. Investments, LLC (RLR), Eagles Landing Villas at Golden Ocala, LLC (Eagles Landing), Golden Ocala Golf & Equestrian Club Management, LLC (Golden Ocala), Stock Development, LLC (Stock Development), and

Brian Stock alleging that Defendants misappropriated Plaintiff's architectural designs. The underlying facts, as set forth in the Complaint, are as follows:

PK Studios is a Florida architectural firm. (Id. at ¶ 11.) In 2004, PK Studios entered into a contract with Stock Development and Brian Stock to create a master plan and architectural designs (the Work) for homes in communities known as Olé and Paseo. (Id.) PK Studios completed the Work and delivered it to Stock Development. (Id. at ¶ 12.) In 2009, PK Studios and Stock Development executed a release agreement (the Release) pursuant to which PK Studios released the Work to Stock Development in exchange for a lump sum payment. (Id. at ¶ 13.) The Release specified that Stock Development could use the Work for the Olé and Paseo communities and for any other project solely developed by Stock Development. (Id. at ¶ 13.) The Release further specified that PK Studios retained all copyright and intellectual property rights to the Work and that any future architect's use of the Work was prohibited absent an agreement indemnifying PK Studios. (Id. at ¶¶ 14-15.)

In 2014, PK Studios discovered that the Work was being used by RLR and Golden Ocala for the development of a property known as Eagles Landing. (Id. at ¶¶ 18-19.) Many of the Eagles Landing homes are exact duplicates of the Work. (Id.) After making this discovery, Plaintiff applied, and received, a Certificate of

2

Copyright Registration for the Work. (Id. at ¶¶ 22-23.) When PK Studios notified RLR and Golden Ocala that they were impermissibly using the Work, RLR responded that it had licensed the Work from Stock Development for use on Eagles Landing. (Id. at ¶ 24.) According to PK Studios, Stock Development had no right to grant such a license. (Id.)

Based on these allegations, PK Studios brings causes of action against Defendants for copyright infringement, breach of contract, and for a declaratory judgment that the Release does not grant Stock Development the right to license the Work. RLR, Eagles Landing, and Golden Ocala now move to dismiss the cause of action for copyright infringement, arguing that it is insufficiently pled because PK Studios has not adequately identified the Work. In the alternative, Defendants seek an order compelling PK Studios to provide a more definite statement of its copyright infringement allegations.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

3

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

"Two elements must be proven to establish copyright infringement: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Singleton v. Dean, 611 F. App'x 671, 672 (11th Cir. 2015). To satisfy the first element, "a plaintiff must prove that the work is original and that the plaintiff complied with applicable statutory formalities" for registering the copyright. Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541 (11th Cir. 1996). To satisfy the second element, "the plaintiff must show that the defendant had access to the copyrighted work and that the two works are so 'substantially similar' that an average lay observer would recognize the alleged copy as having been appropriated from the original work." Singleton, 611 F. App'x at 672 (quoting Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002)).

Here, PK Studios alleges that it owns a valid copyright to the Work and attaches a copy of the copyright registration to the Complaint. (Doc. #1-4.) These allegations, taken as true, satisfy the first element. Concerning the second element, PK Studios alleges that the Work contained architectural designs it created pursuant to the contract with Stock Development, that RLR and Golden Ocala obtained those designs from Stock Development, and that RLR and Golden Ocala used the designs to build homes that are "exact duplicates" of the designs PK Studios created for Stock

5

Development. (Doc. #1, ¶¶ 12-19.) Defendants argue that these allegations are insufficient to state a claim for copyright infringement because PK Studios has not adequately identified the copyrighted material at issue and has not provided sufficient detail to support the allegation that Defendants copied the Work. The Court disagrees. PK Studios has identified the copyrighted material as the architectural designs RLR and Golden Ocala obtained from Stock Development and subsequently used to build homes in Eagles Landing. (Id.) PK Studios further alleges that the Eagles Landing homes built by RLR and Golden Ocala are "exact duplicates" of the designs contained in the Work as evidenced by the fact that a contractor incorrectly concluded that PK Studios was the architect of the Eagles Landing project. (Id.) Taken as true, these allegations are sufficient to state a claim for copyright infringement. See Calhoun, 298 F.3d at 1232 (evidence that two works "are practically identical" is sufficient to create a presumption of copying).

While the Court agrees with Defendants that PK Studios cannot ultimately prevail on this count without providing the specific materials alleged to have been copied so that they can be compared to the Eagles Landing designs, PK Studios was under no obligation to do so at the pleading stage, In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir. 1995) (Rule 8 does not "impose upon plaintiffs the burden to plead with the greatest specificity they

can"), and Defendants will be able to obtain this information during discovery. Accordingly, the Court concludes that PK Studios has adequately alleged its cause of action for copyright infringement and Defendants' motion to dismiss will be denied. Likewise, the Court concludes that the Complaint is not "so vague or ambiguous that [Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Therefore, Defendants' motion for a more definite statement also will be denied.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. #30) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of January, 2016.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

7