UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PK STUDIOS, INC.,

        Plaintiff,

v.                  Case No: 2:15-cv-389-FtM-99CM

R.L.R. INVESTMENTS, LLC,
EAGLES LANDING VILLAS AT
GOLDEN OCALA, LLC, GOLDEN
OCALA GOLF & EQUESTRIAN CLUB
MANAGMENT, LLC, STOCK
DEVELOPMENT, LLC, and BRIAN
STOCK,

        Defendants.

_____

## OPINION AND ORDER

     This matter comes before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. #57) filed on March 3, 2016.  Defendants filed a Response in Opposition (Doc. #61) on March 21, 2016.  Also before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims (Doc. #55) filed on February 24, 2016, to which Defendants filed a Response in Opposition (Doc. #60) on March 18, 2016.  For the reasons stated and as set forth below, Plaintiff's Motion to Strike is granted in part and denied in part, and Plaintiff's Motion to Dismiss is granted.

## I.

     Plaintiff PK Studios, Inc. (Plaintiff) filed suit on June 29, 2015 against R.L.R. Investments, LLC, Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club

Management, LLC (collectively, Golden Ocala Defendants or Defendants), and also against Stock Development, LLC (Stock Development) and Brian Stock (Mr. Stock) (collectively Stock Defendants).  The three-count Complaint (Doc. #1) asserts a claim of copyright infringement against all five defendants, and claims of breach of contract and declaratory relief against Stock Defendants.  Plaintiff contends that Golden Ocala Defendants have been utilizing Plaintiff's copyrighted architectural plans for commercial gain without Plaintiff's permission, and in violation of the limited future-use license granted in a Release Agreement that Plaintiff entered into with Stock Defendants.

On February 5, 2016, Golden Ocala Defendants filed an Answer (Doc. #54) to the Complaint, which also asserts thirty affirmative defenses, seven declaratory-judgment counterclaims (the Counterclaim Complaint), and four crossclaims against Stock Defendants.[1]  Plaintiff now moves to strike twenty-three of the affirmative defenses and dismiss six of the counterclaims.  The Court will first resolve the Motion to Strike and then decide the Motion to Dismiss.

---

[1] Mr. Stock and Stock Development each filed an Answer and Affirmative Defenses to the Complaint (Docs. ##28, 29), and they jointly filed an Answer and Affirmative Defenses to Golden Ocala Defendants' crossclaims (Doc. #56).

**II.**

**A.   Plaintiff's Motion to Strike Twenty-Three of Golden Ocala Defendants' Affirmative Defenses**

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting or sua sponte. Fed. R. Civ. P. 12(f).

The recurring argument throughout Plaintiff's Motion to Strike is that Golden Ocala Defendants' affirmative defenses are bare-bones, conclusory statements that fail to provide Plaintiff adequate notice of the grounds upon which each rests. In response, Defendants contend that they are not required to plead facts in support of the affirmative defenses and point to select case law in which judges in this District have declined to apply the heightened Twombly/Iqbal standard when determining the pleading adequacy of affirmative defenses.[2]

---

[2] Defendants also argue that denial of the Motion to Strike is warranted because Plaintiff failed to comply with its obligation under Local Rule 3.01(g) to meet and confer prior to filing. Although such failure can serve as grounds for a denial, the Court finds good cause to address the merits of Plaintiff's Motion.

### 1)   Pleading Standard for Affirmative Defenses

As this Court recently discussed in some detail, affirmative defenses must comply with two separate pleading requirements. First, the defense, as plead, must contain "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests.  Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016).[3]   Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense.[4]   Id. (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).   Requiring defendants to allege some facts linking the defense to the plaintiff's claims "streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs."  Id. (citations omitted).

---

[3] Daley was decided after the parties briefed the Motion to Strike.

[4] This pleading requirement does not "unfairly subject defendants to a significant risk of waiving viable defenses for which they do not yet have supporting facts," since courts routinely grant filing extensions and freely afford leave to amend pleadings.  Daley, 2016 WL 3517697, at *3.   Often, it is even deemed sufficient "notice" to raise the affirmative defense in a dispositive motion or in the pretrial statement or order.  Id.

Second, a defendant must avoid pleading shotgun affirmative defenses, viz., "affirmative defenses [that] address[] the complaint as a whole, as if each count was like every other count." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015); see also Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127 (11th Cir. 2014). Rather, each defense must address a specific count or counts in the complaint or clearly indicate that (and aver how) the defense applies to all claims. See Byrne, 261 F.3d at 1129; see also Lee v. Habashy, No. 6:09-cv-671-Orl-28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009). District courts have a sua sponte obligation to identify shotgun affirmative defenses and strike them, with leave to replead. See Paylor, 748 F.3d at 1127; Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). With these two pleading requirements in mind, the Court turns to the twenty-three challenged affirmative defenses.

**2) Affirmative Defenses One, Three, Five, and Twenty-Four**

Golden Ocala Defendants' first, third, fifth, and twenty-forth affirmative defenses allege, respectively: that Plaintiff has failed to state viable causes of action; that Plaintiff's copyright registration is invalid and/or does not contain copyrightable materials; that Counts I (copyright infringement) and II (breach of contract) are barred because Plaintiff has not

suffered damages; and that the works which allegedly infringe Plaintiff's copyright "are not substantially similar" to the copyrighted material.  Plaintiff argues that none of these are proper "affirmative" defenses.  The Court agrees.

Possessing a valid copyright registration for material that is copyrightable is part of the prima facie case for copyright infringement.  Thornton v. J Jargon Co., 580 F. Supp. 2d 1261, 1287 (M.D. Fla. 2008); Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc., No. 6:03-CV-1860-ORL-19KRS, 2005 WL 3445522, at *6 (M.D. Fla. Dec. 14, 2005).  So too must the allegedly-infringing work be "substantially similar" to the copyrighted work to be able to state a claim for infringement.  Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1542 (11th Cir. 1996); see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C., 199 F. Supp. 2d 1271, 1289 (M.D. Fla. 2001).  Accordingly, insofar as each of these four "affirmative defenses" either alleges that Plaintiff has failed to state a claim or "points out a defect in Plaintiff's prima facie case," all are "general" defenses, rather than proper affirmative defenses.  In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 & n.9 (11th Cir. 1988).  The Court thus grants Plaintiff's request to strike these defenses.  See Daley, 2016 WL 3517697, at *4.

### 3)   Affirmative Defense Two – Fair Use

Golden Ocala Defendants assert that, to the extent they used Plaintiff's copyrighted material, it was a "fair use" under 17

U.S.C. § 107.  "Under certain circumstances, the doctrine of fair use allows the limited use of copyrighted materials in a reasonable ma[nn]er without the consent of the copyright holder," however, a "[f]air use analysis 'must always be tailored to the individual case.'"  Tingley Sys., Inc. v. HealthLink, Inc., 509 F. Supp. 2d 1209, 1220 (M.D. Fla. 2007) (quoting Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 552 (1985)).  This analysis requires the court to consider, at a minimum, the four factors set forth in Section 107, none of which Golden Ocala Defendants mention.  This bare-bones, conclusory pleading of "fair use" does not suffice under Rule 8(c), because it leaves unclear the grounds upon which the defense rests.  See Luxottica Grp. S.P.A. v. Cash Am. E., Inc., No. 6:16-cv-728-Orl-31DAB, --- F. Supp. 3d ---, 2016 WL 4157211, at *4 (M.D. Fla. Aug. 2, 2016).  The Court strikes this affirmative defense with leave to replead.

### 4)   Affirmative Defense Four – Consent and Acquiescence

Golden Ocala Defendants' fourth affirmative defense contends that Plaintiff consented or acquiesced to Defendants' use of Plaintiff's copyrighted materials.  Consent and acquiescence are distinct affirmative defenses to an infringement claim.  Consent requires "an intent by the copyright proprietor to surrender rights in his work" and acquiescence requires an active representation that the proprietor "would not assert a right or claim."  Malibu Media, LLC v. Zumbo, No. 2:13-CV-729-JES-DNF, 2014 WL 2742830, at

*2-3 (M.D. Fla. June 17, 2014) (quotation omitted).  Not only is this defense pled in improper shotgun fashion indiscriminately against "the relief requested in the Complaint," Golden Ocala Defendants have alleged no facts supporting consent and acquiescence theories.  The Court strikes affirmative defense four with leave to replead as two distinct defenses.  Id. at *3.

### 5) Affirmative Defense Six - Authority, Legal Right, Necessity, Justification, and Privilege

Affirmative defense six asserts that Plaintiff's claims are barred because Golden Ocala Defendants "had the authority, legal right, necessity, justification and/or were privileged to act as they did."  This one sentence asserts five distinct potential affirmative defenses, yet no supporting facts, and will be stricken.  To the extent Golden Ocala Defendants wish to replead some or all of these theories, they should do so as separate affirmative defenses and allege supporting facts for each.

### 6) Affirmative Defenses Eight, Nine, and Ten – Mutual Assent, Breach, Statute of Frauds

These three affirmative defenses raise theories of lack of mutual assent, no breach, and statute of frauds, and are directed to Count II – Plaintiff's breach of contract claim.  Plaintiff argues that because Count II is asserted only against the Stock Defendants, not against Golden Ocala Defendants, these defenses should be stricken as immaterial or impertinent.  The Court

agrees.[5]   See Baltzell v. Arnold, No. 3:14-CV-2831-L, 2015 WL 356901, at *4 (N.D. Tex. Jan. 27, 2015) (finding no "legal basis that allows [a defendant] to assert an affirmative defense to a claim not asserted against it").

**7)   Affirmative Defense Thirteen – No Attorneys' Fees**

Defendants' thirteenth affirmative defense asserts that Plaintiff cannot recover attorneys' fees for potential violations of the Copyright Act, since Plaintiff did not "timely register" its architectural plans with the Copyright Office.  Section 412 of the Copyright Act precludes an award of attorneys' fees when the alleged infringement of "an unpublished work commenced before the effective date of [the copyright] registration."  17 U.S.C. § 412(1).  Where infringement of a "published" work is alleged,[6] attorneys' fees are not recoverable when the copyright was registered more than three months after publication of the work and the infringement occurred prior to registration.  Id. § 412(2).

Based on the allegations in the Complaint, the Court presumes that the copyrighted works at issue (architectural plans) are "unpublished."  Accordingly, if Golden Ocala Defendants' alleged

---

[5] Affirmative defenses eight and nine are stricken for the additional reason that they merely allege defects in Plaintiff's prima facie case for breach of contract.

[6] As relevant here, the Copyright Act defines "publication" as "the distribution [or 'offering to distribute'] of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending."  17 U.S.C. § 101.

infringement of Plaintiff's copyright began prior to the effective date of Plaintiff's registration of that copyright, Plaintiff will likely not be able to recover attorneys' fees.

Plaintiff argues that this affirmative defense should nevertheless be stricken as "immaterial," since the Copyright Act also states that a district court has discretion to "allow the full recovery of costs." 17 U.S.C. § 505. However, Section 505 also states: "**Except as otherwise provided by this title,** the Court may also award a reasonable attorney's fee to the prevailing party as part of costs." Since "this title" (Section 412) "otherwise provides" that attorneys' fees are *not* appropriate in certain circumstances – which may be implicated here – the Court disagrees that the affirmative defense is immaterial. As pled, the defense also provides Plaintiff adequate notice since, according to the allegations in paragraphs 18 and 22 of the Complaint, Plaintiff discovered the infringement before applying for a copyright registration for its unpublished works. See Malem Med., Ltd. v. Theos Med. Sys., Inc., No. C-13-5236 EMC, 2014 WL 3568885, at *3 (N.D. Cal. July 18, 2014). The Court denies the motion to strike affirmative defense thirteen.

**8)   Affirmative Defense Sixteen – Innocent Infringement**

Affirmative defense sixteen claims that, if Golden Ocala Defendants did infringe Plaintiff's copyright, they did so "innocently." But "[i]nnocent infringement of a copyright is not

an affirmative defense to an infringement action." <u>Lizalde v. Advanced Planning Servs., Inc.</u>, 875 F. Supp. 2d 1150, 1165 n.11 (S.D. Cal. 2012) (citing Nimmer on Copyright § 13.08 (2012)); <u>see also</u> <u>Playboy Enters., Inc. v. Frena</u>, 839 F. Supp. 1552, 1559 (M.D. Fla. 1993) ("Intent or knowledge is not an element of [copyright] infringement, and thus even an innocent infringer is liable for infringement . . . ." (citing <u>D.C. Comics Inc. v. Mini Gift Shop</u>, 912 F.2d 29 (2d Cir. 1990)).

On the other hand, "innocent infringement" may be used to limit statutory damages for infringement.  17 U.S.C. § 504(c)(2). It appears, however, that "[t]he cases are divided on the question" of whether a statutory limitation on damages is properly raised as an affirmative defense.[7]  <u>Carter v. United States</u>, 333 F.3d 791, 796 (7th Cir. 2003); <u>see also</u> <u>Taylor v. United States</u>, 485 U.S. 992, 993 (1988) (White, J., dissenting) (noting the "conflict among the Courts of Appeals" as to whether a "statutory limitation on damages . . . is an affirmative defense . . . under the Federal Rules").  In any case, although Plaintiff does seek statutory damages for infringement as an alternative form of relief, (Doc. #1, ¶ 41(C)), the Court agrees that the boilerplate pleading of

---

[7] <u>Compare</u> <u>Simon v. United States</u>, 891 F.2d 1154, 1157 (5th Cir. 1990) (state statute limiting malpractice damages is Rule 8(c) affirmative defense to be set forth in defendant's responsive pleading), <u>with</u> <u>Bradford Co. v. Jefferson Smurfit Corp.</u>, No. 2000-1511, 2001 WL 35738792, at *10 (Fed. Cir. Oct. 31, 2001) (statutory limitation on damages for patent infringement "is not an affirmative defense for purposes of . . . Fed. R. Civ. P. 8(c).").

"innocent infringement" is insufficient.   Affirmative Defense Sixteen is stricken with leave to replead.

### 9)   Affirmative Defense Seventeen – De Minimis

Golden Ocala Defendants also argue that any infringement was "de minimis."   A de minimis defense consists of qualitative and quantitative components.   Malibu Media, LLC v. Fitzpatrick, No. 1:12-CV-22767, 2013 WL 5674711, at *4 (S.D. Fla. Oct. 17, 2013); see also Peter Letterese and Assocs. v. World Inst. of Scientology Enters., 533 F.3d 1287, 1306—07 (11th Cir. 2008).   Golden Ocala Defendants have addressed neither, so this affirmative defense will be stricken with leave to replead.

### 10)   Affirmative Defense Eighteen – Copyright Notice

The eighteenth affirmative defense contends (in improper shotgun fashion) that Plaintiff's "claims for relief are barred" because Plaintiff did not "properly place notice" of the copyrighted work.   The Court presumes that Golden Ocala Defendants mean that Plaintiff's unpublished architectural plans did not contain the three "notice" elements set forth in 17 U.S.C. § 401(b): (1) the © symbol or the word "Copyright"; (2) the copyright year; and (3) the copyright owner's name.   Even if true, Section 401's notice policy applies only to "published" works.   Donald Frederick Evans & Assocs., Inc. v. Cont'l Homes, Inc., 785 F.2d 897, 908 (11th Cir. 1986) (citing 17 U.S.C. § 401(a)).   Moreover, "since the Berne Convention Implementation Act of 1988 . . . notice

is no longer a prerequisite to copyright protection," Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45, 48 (5th Cir. 1995), and thus, the failure to notice a copyright is not an affirmative defense.[8] Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd., 940 F. Supp. 115, 119 (E.D. Pa. 1996). Accordingly, the Court strikes affirmative defense eighteen.

**11) Affirmative Defenses Nineteen and Twenty-Three – Copyright Misuse**

For their nineteenth affirmative defense, Defendants contend that Plaintiff's claims are barred under the copyright misuse doctrine. "Copyright misuse, a doctrine derived from the equitable defenses of patent misuse and unclean hands, forbids a copyright holder from using a copyright 'to secure an exclusive right or limited monopoly not granted by the Copyright Office and which it is contrary to public policy to grant.'" Hibiscus Homes, 2005 WL 3445522, at *10 (quoting Alcatel USA, Inc. v. DGI Techs., Inc., 166 F.3d 772, 792 (5th Cir. 1999)). "The purpose of the defense is to prevent a litigant from securing an exclusive right which exceeds what has already been granted via the copyright," and the

---

[8] Rather than operate as a forfeiture of copyright, the failure to properly notice a copyright now serves only to buttress an infringer's claim that any infringement was "innocent." See 17 U.S.C. § 401(d) ("If a notice of copyright in the form and position specified by this section appears on the published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages . . . .").

doctrine thus "bar[s] recovery for a copyright owner who attempts to extend its limited copyright rights to property not covered by the copyright." Id. (citations omitted).

Plaintiff challenges the viability of copyright misuse as an affirmative defense.   Although the Eleventh Circuit "has not recognized . . . misuse as a defense for infringement suits," neither has it "rejected" misuse as a valid defense. Telecom Tech. Servs. Inc. v. Rolm Co., 388 F.3d 820, 831 (11th Cir. 2004).   The undersigned previously refused to dismiss a copyright misuse defense where the basis asserted for dismissal was the defense's potential non-viability and will also decline to do so here. Fine's Gallery, LLC v. From Europe to You, Inc., No. 2:11-CV-220-FTM-29, 2011 WL 5583334, at *2 (M.D. Fla. Nov. 16, 2011).

The question then, is whether Golden Ocala Defendants have adequately pled facts supporting the defense.   Specifically, Defendants allege that "Plaintiff's claims are barred by the doctrine of copyright misuse in that, among other things, Plaintiff has attempted to enforce copyrights in the alleged copyright work(s) in a suit **by** improperly claiming original creation in non-original common designs, layouts, dimensions, features and other non-original elements." (Doc. #54 p. 13 (emphasis added).)   These allegations – though terse - appear consistent with the contours of the copyright misuse doctrine and are sufficient to provide Plaintiff notice of the grounds upon which the defense rests.   The

Court thus denies the request to strike Affirmative Defense Nineteen.  The Court will, however, strike Affirmative Defense Twenty-Three, which alleges that "[a]ll or some of Plaintiff's claims are barred by the doctrine of copyright misuse," because it is both redundant and insufficiently pled.  See Total Containment Sols., Inc. v. Glacier Energy Servs., Inc., No. 2:15-CV-63-FTM-38CM, 2015 WL 5057146, at *2 (M.D. Fla. Aug. 26, 2015).

### 12)  Affirmative Defense Twenty-One – Equitable Estoppel

Defendants' twenty-first affirmative defense alleges that Plaintiff's claims are barred by the doctrine of equitable estoppel.  Equitable estoppel is appropriate "in copyright cases when the copyright owner is aware of the infringing conduct, yet the owner acts in such a[] way as to induce the infringer to reasonably rely upon such actions, causing the infringer to suffer a legal detriment."  Hibiscus Homes, 2005 WL 3445522, at *9 (citations omitted).  As pled, however, the affirmative defense is wholly devoid of facts indicating why estoppel applies in this case.  The Court strikes the defense with leave to replead.

### 13)  Affirmative Defense Twenty-Two – Unclean Hands

This affirmative defense contends that the equitable relief Plaintiff seeks is barred under the doctrine of unclean hands. The Eleventh Circuit has observed that to successfully invoke the unclean hands doctrine requires a defendant to establish two things: "First, the defendant must demonstrate that the

plaintiff's wrongdoing is directly related to the claim against which it is asserted.  Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct." Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 450-51 (11th Cir. 1993) (citations omitted).  Golden Ocala Defendants have not alleged any facts showing they actually believe the unclean hands defense applies in this case.  The defense will thus be stricken with leave to replead.  Groves v. Patricia J. Dury, M.D., P.A., No. 2:06-CV-338-FTM-99SPC, 2006 WL 2556944, at *2 (M.D. Fla. Sept. 1, 2006) (striking unclean hands defense containing no facts).

**14)  Affirmative Defense Twenty-Five - Apportionment**

Affirmative defense twenty-five states that "Plaintiff's claims are barred and/or mitigated by the doctrine of copyright apportionment."  The Court presumes that Golden Ocala Defendants mean that any *damages* to which Plaintiff is entitled should be apportioned.  "[A]pportionment of damages is appropriate in a copyright action[] . . . when 'the evidence is sufficient to provide a fair basis of division so as to give the copyright proprietor all the profits that can be deemed to have resulted from the use of what belonged to him.'" Dawes-Ordonez v. Forman, No. 09-60335-CIV-COHN, 2009 WL 3273898, at *2 (S.D. Fla. Oct. 9, 2009) (quoting Roulo v. Russ Berrie & Co., Inc., 886 F.2d 931, 941 (7th Cir. 1989)) (additional citations omitted); see also 17 U.S.C.

§ 504(b) ("The copyright owner is entitled to recover the actual damages suffered by him or her **as a result of the infringement**, and any profits of the infringer that are **attributable to the infringement** and are not taken into account in computing the actual damages." (emphases added)); Aerospace Servs. Int'l v. LPA Grp., Inc., 57 F.3d 1002, 1004 (11th Cir. 1995) (affirming district court's award of damages based on "the amount of [defendant's] profits which were attributable to the infringement").

Though courts disagree on whether statutory limitations on damages are proper Rule 8(c) defenses, absent Eleventh Circuit authority on the issue, the Court finds it premature to strike such a defense.   See Dawes-Ordonez, 2009 WL 3273898, at *2 (upholding damages apportionment affirmative defense in copyright infringement action).   Further, as pled, this defense is adequate because it provides Plaintiff notice that Golden Ocala Defendants will seek to reduce Plaintiff's recoverable damages on the ground that at least a portion of Defendants' profits "were not attributable to the infringement." 17 U.S.C. § 504(b).

**15)   Affirmative Defense Twenty-Six – False Information/Fraud**

Defendants' twenty-sixth affirmative defense claims that Plaintiff obtained its copyright registration "by false information and/or fraud." To the extent Defendants are alleging that Plaintiff committed fraud on the Copyright Office, the Court notes the conflicting authorities on whether this is a proper

affirmative defense, rather than a "general" defense based on the inability to establish a prima facie case of infringement.[9]   In any event, as pled, the defense is factually unsupported.   The Court will strike this defense with leave to replead.[10]

### 16) Affirmative Defense Twenty-Eight – Statute of Limitations

Golden Ocala Defendants assert that Plaintiff's claims are barred under the statute of limitations, but they reference neither the applicable statute(s) of limitations nor the date(s) upon which the statute(s) began to run.   This is the epitome of insufficient boilerplate pleading.   Schmidt v. Synergentic Commc'ns, Inc., No. 2:14-CV-539-FTM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015).   Affirmative defense twenty-eight will be stricken with leave to replead.

---

[9]   Compare Thornton, 580 F. Supp. 2d at 1271 n.1 (treating defendant's "fraud on the Copyright Office" theory as challenge to plaintiff's prima facie case, rather than as affirmative defense), and 5 Patry on Copyright § 17:126 ("[F]raud on the Copyright Office is not an affirmative defense: while a certificate of registration [affords] the holder prima facie validity, this is not the same as having made out a prima facie case of infringement."), with Mon Cheri Bridals, Inc. v. Wen Wu, 383 F. App'x 228, 232 (3d Cir. 2010) ("Fraud on the Copyright Office is an affirmative defense to claims of copyright infringement."), and Lennon v. Seaman, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000) ("An allegation of fraud on the Copyright Office is typically brought in an infringement action as an affirmative defense to the enforcement of a registered copyright certificate." (collecting cases)).

[10]   When repleading this defense, Golden Ocala Defendants should consider whether compliance with Federal Rule 9(b)'s heightened pleading standards is necessary.

**17)  Affirmative  Defense  Twenty-Nine  –  Failure  to  Join Necessary Parties**

Affirmative  defense  twenty-nine  contends,  in  bare-bones fashion,  that  Plaintiff  failed  to  join  all  necessary  parties  to its  lawsuit.   Because  Defendants  have  failed  to  provide  any  details about  who  else  is  needed  "for  a  just  adjudication  of  these  issues" – and why - the defense will be stricken with leave to replead.

**18)  Affirmative  Defense  Thirty  –  Merger  and  <u>Scenes</u> <u>a</u> <u>Faire</u>**

Golden  Ocala  Defendants'  final  affirmative  defense  seeks  to bar  Plaintiff's  infringement  claim  pursuant  to  the  merger  and <u>scenes</u> <u>a</u> <u>faire</u>  doctrines.   "The  merger  doctrine  provides  that expression  is  not  protected  in  those  instances  where  there  is  only one  or  so  few  ways  of  expressing  an  idea  that  protection  of  the expression  would  effectively  accord  protection  to  the  idea itself."  <u>BUC Int'l Corp. v. Int'l Yacht Council Ltd.</u>, 489 F.3d 1129, 1142 (11th Cir. 2007) (quotation omitted).  Under the <u>scenes</u> <u>a faire</u>  doctrine,  "incidents,  characters,  or  settings  that  are indispensable  or  standard  in  the  treatment  of  a  given  topic  are not  copyrightable."   <u>Corwin v. Walt Disney Co.</u>, 475 F.3d 1239, 1251 (11th Cir. 2007) (alterations and citations omitted).

The  Court  is  not  certain  whether  merger  and  <u>scenes</u> <u>a</u> <u>faire</u> are  properly  raised  as  affirmative  defenses  here,  since  courts have  also  applied  these  doctrines  to  "filter[]  out  the  unoriginal elements  contained  in  a  copyrightable  work"  when  evaluating  a plaintiff's  prima  facie  case  of  infringement.   <u>Liberty Am. Ins.</u>

Grp., 199 F. Supp. 2d at 1290 (rejecting plaintiff's argument that "[b]ecause the merger and scenes a faire doctrines are defenses to a claim of infringement, . . . the Court should have placed the burden of proving the defenses on [d]efendant . . . , not on [p]laintiff to disprove the defenses"); see also Bateman, 79 F.3d at 1545 (discussing interplay between these doctrines and element filtration). Even assuming these are proper affirmative defenses, the Answer provides no indication of how they are implicated here. Affirmative Defense Thirty is stricken with leave to replead.

**B. Plaintiff's Motion to Dismiss Defendants' Counterclaims**

Plaintiff also moves to dismiss counts I-IV, VI, and VII in the Counterclaim Complaint. Counts I-IV request declarations that Golden Ocala Defendants did not infringe Plaintiff's copyright; that Plaintiff's copyright registration "is invalid, contains impermissible, false or fraudulent claims, statements and/or information and is unenforceable"; that Plaintiff does not own the works allegedly protected by copyright; and that "Plaintiff is not the proper author, creator, or claimant" of the copyrighted works.[11] In Count VI, Defendants ask the Court to declare "that the asserted copyright registration in suit should be cancelled by the U.S. Copyright Office." Count VII seeks a declaration that Defendants are entitled to recover attorneys' fees and costs.

---

[11] Count V requests a declaration that Golden Ocala Defendants may "use and promote" their architectural plans and conduct their business operations "free and clear" of Plaintiff's claims.

### 1)   Pleading Standard for Counterclaims

"Counterclaims are held to the same pleading standards applied to complaints." Hill v. Nagpal, No. 12-21495-CIV, 2013 WL 246746, at *1 (S.D. Fla. Jan. 22, 2013) (citing Manuel v. Convergys Corp., 430 F.3d 1132, 1141 (11th Cir. 2005)).  A pleading stating a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In evaluating a Rule 12(b)(6) motion seeking to dismiss a counterclaim for failing to comply with Rule 8(a), the Court must accept as true all factual allegations in the counterclaim complaint and "construe them in the light most favorable to the [counterclaim-]plaintiff." Baloco ex rel. Tapia v. Drummond Co., 640 F.3d 1338, 1345 (11th Cir. 2011).  However, mere "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

By extension, "[a] motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." Sticky Holsters, Inc. v. Ace Case Mfg., LLC, No. 2:15-CV-648-FTM-29CM, 2016 WL 1436602, at *6 (M.D. Fla. Apr. 12, 2016) (quoting Geter v. Galardi S. Enters., Inc., 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014)).  Thus, to avoid dismissal under Rule 12(b)(6), each counterclaim must contain sufficient factual allegations to "raise a right to

relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To do so requires "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

This plausibility pleading obligation demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." (citation omitted)). Instead, the counterclaim complaint must contain enough factual allegations as to the material elements of each claim to raise the plausible inference that those elements are satisfied, or, in layman's terms, that the counterclaim-plaintiff has suffered a redressable harm for which the counterclaim-defendant may be liable.

### 2)   The "Redundant" Counterclaims (Counts I-IV)

Plaintiff argues that Counts I-IV merely reiterate certain affirmative defenses and should be dismissed as redundant.[12] In response, Defendants argue that mere redundancy is not a sufficient

---

[12] Plaintiff's Motion cites several cases, some from this district, in support of its claim that "when the declaratory relief sought is redundant in light of the claims raised in the complaint and/or Affirmative Defenses, federal courts favor dismissal of declaratory judgment counterclaims." (Doc. #55, pp. 3-4.)

basis for dismissal - particularly since Plaintiff does not argue that allowing the counterclaims to survive is prejudicial - and further, that their counterclaims serve the "useful purpose" of allowing Defendants to obtain declarations on Plaintiff's copyright rights (or lack thereof), should Plaintiff later choose not to proceed with its claims.[13]

The Eleventh Circuit has not addressed whether duplication/redundancy is a sufficient ground on which to dismiss a non-prejudicial counterclaim. The undersigned is inclined to agree with those courts declining to strike counterclaims on redundancy grounds, absent a showing of prejudice by the party seeking dismissal. E.g., Regions Bank v. Commonwealth Land Title Ins. Co., No. 11-23257-CIV, 2012 WL 5410609, at *4-5 (S.D. Fla. Nov. 6, 2012). Notwithstanding, Defendants' Counterclaim Complaint falls well short of what is required under Rule 8 and must be dismissed. Each of the seven counts contains only two paragraphs, the first of which "realleges and reavers all factual allegations set forth" in the ten-paragraph "Facts Common to All Counterclaim Counts" section; the second states the specific declaratory relief sought. In turn, the first five "fact" paragraphs contain allegations regarding Defendants' business success and reputation that have seemingly nothing to do with the

---

[13] Like Plaintiff, Golden Ocala Defendants cite a variety of case law to support their position that the counterclaims, even if "duplicative," should not be dismissed. (Doc. #60, pp. 3-5.)

Counterclaims; the latter five contain conclusory assertions either unsupported by facts or dependent upon the allegations in Plaintiff's Complaint as a whole.

Insofar as Defendants base their claims for declaratory relief on the allegations contained in Plaintiff's Complaint – as opposed to pleading facts or at least specifically indicating which allegations in the Complaint apply to each counterclaim count – the Counterclaim Complaint is a shotgun pleading that must be dismissed, with leave to amend.[14] See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). Anticipating, however, that Defendants will file an amended pleading, the Court finds it prudent to address the merits of Plaintiff's substantive dismissal arguments for Counts VI and VII.

### 3)   Judicial Authority to Cancel a Copyright Registration

Count VI of Golden Ocala Defendants' Counterclaim Complaint requests a declaration that Plaintiff's copyright registration "should be cancelled by the U.S. Copyright Office." Plaintiff moves for dismissal of this cause of action on the ground that a district court lacks jurisdiction to cancel a copyright registration. If Plaintiff is correct, then Defendants have pled no judicially "redressable injury," and a declaration as to what

---

[14] Because the relief ordered herein may alter the dates proposed in the two pending Motions to Extend Trial Dates and Other Deadlines (Docs. ##69, 72), those Motions are denied without prejudice to refile.

the U.S. Copyright Office *should* do would likely "amount to an advisory opinion prohibited by Article III's case and controversy requirement." Church v. City of Huntsville, 30 F.3d 1332, 1335 (11th Cir. 1994) (citing Americans United for Separation of Church & State, 454 U.S. 464, 471–72 (1982)).

After reviewing the case law, the Court concludes that weighing in on the "cancellability" of Plaintiff's copyright registration would indeed amount to an improper advisory opinion. Although "the Eleventh Circuit has not yet addressed the role of courts in the cancellation of copyright registrations," Li v. Affordable Art Co., No. 1:12-CV-03523-RLV, 2014 WL 11862796, at *7 (N.D. Ga. Feb. 10, 2014), several courts have held that cancellation is an administrative process handled directly with the Copyright Office, not an issue to be resolved judicially in the first instance. E.g., Brownstein v. Lindsay, 742 F.3d 55, 75 (3d Cir. 2014) ("Courts have no authority to cancel copyright registrations because that authority resides exclusively with the Copyright Office."); App Dynamic ehf v. Vignisson, 87 F. Supp. 3d 322, 331 (D.D.C. 2015) ("The authority to invalidate or cancel Defendant's copyright registration lies with the Copyright Office itself."); Li, 2014 WL 11862796, at *7 ("[F]ederal district courts have no inherent or statutory authority to cancel copyright registrations."); cf. Syntek Semiconductor Co. v. Microchip Tech. Inc., 307 F.3d 775, 782 (9th Cir. 2002) (referring issue of

copyright registration cancellation to Register of Copyrights pursuant to "primary jurisdiction" doctrine).  Because this Court does not have the authority to declare that a copyright registration should (or should not) be cancelled, Count VI is dismissed with prejudice.[15]

### 4)   Entitlement to Attorneys' Fees as Stand-Alone Claim

Count VII seeks a declaration that Golden Ocala Defendants are entitled to an award of attorneys' fees, costs, and expenses. Plaintiff contends that this counterclaim should be dismissed because Defendants have not cited the authority under which they are demanding attorneys' fees, and because entitlement to attorneys' fees should not be pled as a separate cause of action. Defendants' Response does not address the challenge to Count VII.

Under the "American Rule" of attorneys' fees, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."  Hardt v. Reliance

---

[15] Defendants argue that judicial authority to cancel a copyright registration is found in Section 1324 of the Copyright Act, which authorizes courts to cancel the registration "of a design under this chapter."  17 U.S.C. § 1324.  "This chapter" – also known as the "Vessel Hull Design Protection Act" – deals only with vessel hulls and decks.  17 U.S.C. § 1301; Maverick Boat Co. v. Am. Marine Holdings, Inc., No. 02-14102-CIV, 2004 WL 1093035, at *3, 16 (S.D. Fla. Feb. 10, 2004), aff'd, 418 F.3d 1186 (11th Cir. 2005).  That Congress deemed it appropriate to carve out a judicial cancellation power in one specific area undercuts Defendants' contention that courts have the general authority to cancel (or to declare that the Copyright Office should cancel) copyright registrations. Brownstein, 742 F.3d. at 76.  Indeed, "[Section] 1324 would be superfluous if Congress intended for courts to already have the general authority to cancel copyright registrations."  Id.

Standard Life Ins. Co., 560 U.S. 242, 243 (2010) (citation omitted).  Even where a statute or contract entitles a prevailing party to recover attorneys' fees, such fees should typically be requested in a "prayer for relief" section of the complaint, not pled as a stand-alone cause of action.  Carroll Co. v. Sherwin-Williams Co., 848 F. Supp. 2d 557, 570 (D. Md. 2012); Soloski v. Adams, 600 F. Supp. 2d 1276, 1372 (N.D. Ga. 2009); see also Davis v. Passman, 442 U.S. 228, 239 (1979) ("[[W]hether a litigant has a 'cause of action' is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive.").  Count VII is dismissed with prejudice.

Accordingly, it is hereby

**ORDERED:**

1.  Plaintiff's Motion to Strike Golden Ocala Defendants' Affirmative Defenses is **granted in part and denied in part**.  The Motion to Strike is **denied** as to affirmative defenses thirteen, nineteen, and twenty-five.  The Motion to Strike is **granted** as to affirmative defenses one, two, three, four, five, six, eight, nine, ten, sixteen, seventeen, eighteen, twenty-one, twenty-two, twenty-three, twenty-four, twenty-six, twenty-eight, twenty-nine, and thirty.  **Within twenty-ones days from the date of this Order**, Golden Ocala Defendants may replead affirmative defenses two, four, six, sixteen, seventeen, twenty-one, twenty-two, twenty-six, twenty-eight, twenty-nine, and thirty.

2.    Plaintiff's Motion to Dismiss Golden Ocala Defendants'
Counterclaims is **granted**.  The Counterclaim Complaint is dismissed
in its entirety as a shotgun pleading without prejudice to refile,
except for Counts VI and VII, which are **dismissed with prejudice**.

3.    Plaintiff's and Stock Defendants' Motions to Extend
Trial Dates and Other Deadlines (Docs. ##69, 72) are **denied without
prejudice to refile**.

**DONE and ORDERED** at Fort Myers, Florida, this 30th day of
August, 2016.


JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record