UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PK STUDIOS, INC.,

    Plaintiff,

v.                                    Case No: 2:15-cv-389-FtM-99CM

R.L.R. INVESTMENTS, LLC, EAGLES LANDING VILLAS AT GOLDEN OCALA, LLC, GOLDEN OCALA GOLF & EQUESTRIAN CLUB MANAGMENT, LLC, STOCK DEVELOPMENT, LLC, and BRIAN STOCK,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's October 6, 2016 Motion to Dismiss Defendants' Second Amended Counterclaim Complaint (Doc. #84). Defendants filed a Response in Opposition (Doc. #87) on October 31, 2016. For the reasons set forth below, Plaintiff's Motion is granted.

Plaintiff PK Studios, Inc. (Plaintiff) filed suit on June 29, 2015 against R.L.R. Investments, LLC, Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club Management, LLC (collectively, the Golden Ocala Defendants or Defendants), and against Stock Development, LLC and Brian Stock (the Stock Defendants). The three-count Complaint (Doc. #1) asserts a claim of copyright infringement against all five

defendants and claims of breach of contract and declaratory relief against the Stock Defendants. On February 5, 2016, the Golden Ocala Defendants filed an Answer (Doc. #54) to the Complaint, which also asserted thirty affirmative defenses, seven declaratory-judgment counterclaims (the Counterclaim Complaint), and four crossclaims. Plaintiff moved to dismiss all seven counterclaims (Doc. #55) and twenty-three of the affirmative defenses (Doc. #57).

On August 30 2016, the Court issued an Order (Doc. #74) striking twenty of the affirmative defenses – eleven of which the Golden Ocala Defendants were permitted to replead – and dismissing the Counterclaim Complaint as an impermissible shotgun pleading, since each of the seven counts indiscriminately incorporated all ten preceding factual allegations, five of which themselves "contain[ed] assertions either unsupported by facts or dependent upon the allegations in Plaintiff's complaint as a whole."[1] (Id. p. 24 (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015).) The Court granted leave to amend as to counterclaim Counts I-V but dismissed with prejudice Count VI, which sought a declaration that Plaintiff's copyright registration "should be canceled by the U.S. Copyright Office," and Count VII, which requested a declaration that Defendants were

---

[1] The other five paragraphs alleged facts regarding the Golden Ocala Defendants' business success and reputation, which had "seemingly nothing to do with the Counterclaims." (Doc. #74, pp. 23-34.)

entitled to an award of attorneys' fees and costs.  (Id. pp. 24-27.)

On September 21, 2016, the Golden Ocala Defendants filed the Second Amended Answer, Affirmative Defenses, Counterclaims, and Crossclaims (Doc. #79) that is the subject of the instant Motion to Dismiss.[2]  The five counterclaims asserted in the Second Amended Counterclaim Complaint are nearly identical to counterclaim Counts I-V previously dismissed.  The two changes to the Second Amended Counterclaim Complaint are i) the deletion of the first five paragraphs (which the Court had deemed immaterial) from the "Common Facts" section, and ii) replacing the language "repeat, reallege and reaver all factual allegations set forth in Paragraphs 1-10 above, as if fully set forth herein" found in the first paragraph of each counterclaim with "repeat, reallege, and reaver all factual background, statement and allegations set forth herein above."

Plaintiff moves to dismiss the Second Amended Counterclaim Complaint on the ground that the Golden Ocala Defendants have not cured their shotgun-pleading problem.  Defendants acknowledge that the Second Amended Counterclaim Complaint does not contain new factual allegations but contend that the necessary factual

---

[2] The Golden Ocala Defendants filed an Amended Answer, Affirmative Defenses, Counterclaims, and Crossclaims (Doc. #78) on September 20, 2016.  It is not clear what motivated the filing of a second amended pleading one day later, but Plaintiff has not objected thereto.

predicate for the counterclaims is found in the amended affirmative defenses.  Because, in turn, these defenses are incorporated into each counterclaim, Defendants argue that those counterclaims are adequately pled.

This argument entirely ignores the rationale pursuant to which Defendants' Counterclaim Complaint was dismissed.  While it is fine for a defendant to use allegations contained in its affirmative defenses as factual support for its counterclaims, the defendant must specify – in the counterclaim complaint, not in a response opposing dismissal - <u>*which* factual allegations support each counterclaim</u>.  "It is not the Court's job to search the [pleadings] for facts that might support a particular claim for relief.  'Judges are not like pigs, hunting for truffles buried in [pleadings].'  Nor, for that matter, is opposing counsel expected to sift through factual allegations like a prospector panning for gold."  <u>In re Auto Body Shop Antitrust Litig.</u>, No. 6:14-CV-6006-ORL-31, 2015 WL 4887882, at *31 (M.D. Fla. June 3, 2015) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).

Rather than specify the relevant prior allegations of fact that apply to each amended counterclaim count, Golden Ocala Defendants indiscriminately "repeat, reallege, and reaver all factual background, statement and allegations set forth" in the Second Amended pleading.  As such, the Court finds that the Second

Amended Counterclaim Complaint is, like its predecessor, a shotgun pleading that must be dismissed.  See Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1211 (M.D. Fla. 2005) (dismissing shotgun counterclaims that "incorporate[d] not only all the previous counts, but all paragraphs in the answer and affirmative defenses").  The counterclaims are dismissed without prejudice to replead, however, this is the final opportunity the Court will afford the Golden Ocala Defendants – who are represented by able legal counsel - to fix their shotgun pleading problem.[3]

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Dismiss (Doc. #84) the Golden Ocala Defendants' Second Amended Counterclaim Complaint is **GRANTED** without prejudice to replead.

**DONE and ORDERED** at Fort Myers, Florida, this 23rd day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[3] Should Defendants choose to replead, the amended pleading should also set forth Defendants' answers, affirmative defenses, and crossclaims in their entirety, rather than refer back to the original pleading filed at Docket No. 54.