**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

PK STUDIOS, INC.,

       Plaintiff,

v.                                             Case No. 2:15-cv-00389-UA-CM

R.L.R. INVESTMENTS, LLC,
EAGLES LANDING VILLAS at
GOLDEN OCALA, LLC,
GOLDEN OCALA GOLF &
EQUESTRIAN CLUB MANAGEMENT, LLC,
STOCK DEVELOPMENT, LLC,
and BRIAN STOCK,

       Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL MEDIATION ON DATE CERTAIN, OR ALTERNATIVELY, REQUEST FOR RELATED RELIEF, AND MEMORANDUM IN SUPPORT

Plaintiff, PK STUDIOS, INC. (hereinafter "Plaintiff"), by and through its undersigned counsel, moves to compel mediation between Plaintiff, Defendants Brian Stock and Stock Development, LLC (hereinafter collectively "Stock Defendants"), and Defendants, R.L.R. Investments LLC, Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club Management, LLC (hereinafter collectively "Developer Defendants") on the date of January 24, 2017, and in support thereof states as follows:

1.      On September 27, 2016, the Court entered the Amended Case Management and Scheduling Order, wherein all of the parties agreed that the deadline for mediation would be February 17, 2017. *See* [Doc. 81].

2.      In an effort to comply with the Amended Case Management and Scheduling Order, Plaintiff contacted all of Defendants' respective counsel on September 28, 2016, via email, to begin coordinating a date for mediation.

3.      A continuous email exchange has ensued from September 28, 2016, to present, and to date, all of the parties' counsel have yet to agree on a date for mediation. A true and correct copy of this email exchange is attached hereto as Composite Exhibit "A". Plaintiff's counsel's office has spent nearly ninety (90) days attempting to reach a consensus on an available date in November, December, January, or February, but have been frustrated at every turn.

4.      On multiple occasions, counsel for Plaintiff, counsel for Defendants, Stock Development, LLC and Brian Stock, and counsel for Defendant R.L.R. Investments, LLC were able to agree on a date; however, counsel for Defendants, Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club Management, LLC, has yet to be agreeable to same.[1]

5.      With regard to the most recent date that appeared available for mediation, all of the Parties' respective counsel, excluding counsel for Defendants, Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club Management, LLC, agreed that January 24, 2016, would be an acceptable day for mediation, despite the mediation being held with a different mediator from that agreed to in the Amended Case Management and Scheduling Order. None of Defendants' counsel objected to the suggestion that mediation be held with a different mediator, given the apparent difficulty with scheduling a date for the mediation. *See*

---

[1] Plaintiff does not ascribe fault solely to counsel for, or clients, Defendants Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club Management, LLC, as they have made themselves available for certain dates when others were not available, and they have offered dates in February 2017, when two other counsel begin a three-month trial in another matter.

Composite Exhibit "A". It should be noted that counsel for Defendants Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club Management, LLC had previously stated availability for mediation on January 24, 2016, but then subsequently retracted her availability for same. *See* Composite Exhibit "A", at emails dated November 11, 2016, and November 18, 2016 (providing January 24th as an available date).

6.      All of the Parties' counsel have also discussed the possibility of seeking a mediation date beyond the deadline provided in the Amended Case Management and Scheduling Order; however, both sets of counsel for the Stock Defendants will be unavailable from February until June 2017, due to a three-month trial of which all counsel was made aware in September 2016. A true and correct copy of the email evidencing same is attached hereto as Exhibit "B".

## I.      RELIEF REQUESTED

7.      Plaintiff now seeks a Motion to Compel mediation on a date certain for January 24, 2017. Counsel for Plaintiff and Counsel for the Stock Defendants have conferred, and Counsel for the Stock Defendants also agree to the relief sought herein.

8.      Alternatively, pursuant to Rule 16 of the Federal Rules of Civil Procedure, this Court has case management powers, and Plaintiff requests that the Court have the magistrate hold a hearing to set a mediation date.

9.      As reflected in Composite Exhibit "A", Plaintiff has made a good faith attempt to resolve the issues set forth in this Motion to Compel, but such effort has been unsuccessful.

## II.      MEMORANDUM IN SUPPORT

10.      "The Eleventh Circuit encourages district courts to 'liberally employ' mediation to expedite litigation of a case." *Collier Cty. Sheriffs Office v. New World Sys. Corp.*, No. 2:12-CV-533-FTM-29, 2012 WL 5381603, at *1 (M.D. Fla. Nov. 1, 2012) (quoting *Advanced*

*Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008)). In the present matter, mediation would provide the Parties with the opportunity for potential resolution and expedition of this litigation in compliance with this Court's Amended Case Management and Scheduling Order [Doc. 81]. *See Blanco GmbH + Co. KG v. Vlanco Indus., LLC,* No. 12-61580-CIV, 2012 WL 12838280, at \*2 (S.D. Fla. Nov. 19, 2012) (recognizing the benefits of early resolution and granting the Motion to Compel Mediation in the absence of objections from Defendants).

11.     This Court has the authority to grant Plaintiff's Motion to Compel, as it "'must take an active role in managing cases on its docket.'" *Flynn v. Polk Cty.*, No. 8:11-CV-2054-T-33AEP, 2013 WL 425834, at \*2 (M.D. Fla. Feb. 4, 2013) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). As demonstrated by Composite Exhibit "A" and paragraphs 1 through 9 of this Motion, *supra*, Plaintiff has made a good faith attempt to resolve the issues set forth in this Motion to Compel; yet, these efforts have proved ineffective.

12.     Moreover, the fact that Plaintiff and the Stock Defendants have pending Motions for Partial Summary Judgment before this Court should not preclude the granting of this Motion to Compel Mediation on a date certain, or the alternative relief requested herein. *See Smith v. RJM Acquisitions Funding, LLC*, No. 2:13-CV-502-FTM-38CM, 2014 WL 3384945, at \*2 (M.D. Fla. July 10, 2014) ("A refusal to mediate prior to the Court's resolution of pending summary judgment motions is not good cause for a failing to meet the Court's mediation deadline.").

## III.    CONCLUSION

WHEREFORE, Plaintiff, PK STUDIOS, INC., respectfully requests the entry of an Order compelling all counsel for Defendants, respectively, to arrange for mediation on January 24,

4

2017, or such other date as the Court may select, alternatively, to have the Magistrate conduct a Mediation/Case Management, and all such other and further relief as the Court deems just and proper.

Dated this 15th day of December, 2016.

**WOODS, WEIDENMILLER, MICHETTI, RUDNICK & GALBRAITH, PLLC**

By: */s/ Gregory N. Woods*
    Gregory N. Woods, Esq.
    Florida Bar No. 175500
    9045 Strada Stell Court, Suite 400
    Naples, FL 34109
    (239) 325-4070 – Telephone
    (239) 325-4080 – Facsimile
    gwoods@wwmrglaw.com (Primary)
    bwisher@wwmrglaw.com(Secondary)
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Edmond E. Koester
David Kerem
**Coleman, Yovanovich, Koester, P.A.**
4001 Tamiami Trail North, Suite 300
Naples, Florida 34103
Telephone: (239) 435-3535
Facsimile: (239) 435-1218
ekoester@cyklawfirm.com
dkerem@cyklawfirm.com
Attorneys for Brian Stock & Stock
Development, LLC

David S. Preston
**Dickinson & Gibbons, PA**
401 N. Cattlemen Road, Suite 300
Sarasota, FL 34232
Telephone: (941) 366-4680
Facsimile: (941) 365-2923
dpreston@dglawyers.com
Attorney for Brian Stock & Stock
Development, LLC

Jennifer L. Whitelaw
**Whitelaw Legal Group**
3838 Tamiami Trail North, Third Floor
Naples, Florida 34103
Telephone: (239) 262-1001
Facsimile: (239) 261-0057
Email: usdcmail@whitelawfirm.com
Attorney for R.L.R. Investments, LLC,
Eagles Landing Villas at Golden Ocala,
LLC, and Golden Ocala Golf & Equestrian
Club Management, LLC

Michael K. McCaffrey
Thomas Folger Brink
**Litchfield Cavo, LLP**
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334
Telephone: (954) 689-3000
Facsimile: (954) 689-3001
Email: mccaffrey@litchfieldcavo.com
5201 W. Kennedy Boulevard, #450
Tampa, Florida  33609
Telephone: (813) 289-0690
Facsimile: (813) 289-0692
Email brink@litchfieldcavo.com
Attorneys for R.L.R. Investments, LLC

6

**WOODS, WEIDENMILLER, MICHETTI, RUDNICK & GALBRAITH, PLLC**

By: */s/ Gregory N. Woods*
       Gregory N. Woods, Esq.
       Florida Bar No. 175500
       9045 Strada Stell Court, Suite 400
       Naples, FL 34109
       (239) 325-4070 – Telephone
       (239) 325-4080 – Facsimile
       gwoods@wwmrglaw.com (Primary)
       bwisher@wwmrglaw.com(Secondary)
       Attorney for Plaintiff