UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PK STUDIOS, INC.,

    Plaintiff,

v.                                       Case No: 2:15-cv-389-FtM-99CM

R.L.R. INVESTMENTS, LLC,
EAGLES LANDING VILLAS AT
GOLDEN OCALA, LLC, GOLDEN
OCALA GOLF & EQUESTRIAN
CLUB MANAGMENT, LLC,
STOCK DEVELOPMENT, LLC
and BRIAN STOCK,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel Mediation on Date Certain, or Alternatively, Request for Related Relief, and Memorandum in Support (Doc. 96) filed on December 15, 2016. Defendants Stock Development, LLC and Brian Stock agree to the requested relief and also filed a Notice of Joinder in Plaintiff's motion to compel mediation on December 20, 2016. Docs. 96 at 3, 100. Plaintiff seeks to compel the parties to attend a mediation on January 24, 2017. Id. at 1.

On September 27, 2016, the Court entered an Amended Case Management and Scheduling Order ("CMSO") setting the discovery mediation to February 10, 2017, the mediation deadline to February 17, 2017, the deadline for dispositive motions to March 31, 2017, and a trial term of July 3, 2017. Doc. 81. Plaintiff argues that

despite the parties' continuous efforts to find an agreeable date for mediation, they could not agree upon a date.  Doc. 96 at 2.  Plaintiff asserts that all of the parties' counsel, except counsel for Defendants Eagles Landing Villas at Golden Ocala, LLC and Golden Ocala Golf & Equestrian Club Management, LLC, agreed to mediate on January 24, 2016.  *Id.*  Plaintiff also notes that extending the mediation deadline will not be helpful because counsel for Defendants Stock Development, LLC and Brian Stock are unavailable from February to July 2017 due to a three-month trial. *Id.* at 3.

Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, contain a statement "stating whether counsel agree on the resolution of the motion," and further provides that a statement to the effect that counsel for the moving party attempted to confer with counsel for the opposing party but counsel was unavailable is "insufficient to satisfy the parties' obligation to confer."  M.D. Fla. R. 3.01(g).  Here, the present motion does not comply with Local Rule 3.01(g).  Although Plaintiff and Defendants Stock Development, LLC and Brian Stock state that they have conferred and reached an agreement regarding the requested relief, the motion does not confirm whether they have conferred with Defendants R.L.R. Investment, LLC, Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club Management, LLC regarding the requested relief.  Doc. 96.

In addition, given the parties' scheduling conflicts, the Court will designate Plaintiff's counsel, Gregory N. Woods, as lead counsel who shall be responsible for

coordinating a mediation date before the mediation deadline of February 17, 2017. The counsel shall have up to and including **January 2, 2017** to find a mutually agreeable mediation date for all parties and to notify the Court. The Court reminds the parties that motions for an extension of the CMSO deadlines are disfavored and "[t]he filing of a motion for extension of time does not toll the time for compliance with deadlines." Doc. 48 at 4.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Compel Mediation on Date Certain, or Alternatively, Request for Related Relief, and Memorandum in Support (Doc. 96) is **DENIED without prejudice**.

2. Plaintiff's counsel, Gregory N. Woods, shall have up to and including **January, 2, 2017** to find a mutually agreeable mediation date for all parties and to notify the Court.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of December, 2016.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record