UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PK STUDIOS, INC.,

    Plaintiff,

v.                                                  Case No: 2:15-cv-389-FtM-99CM

R.L.R. INVESTMENTS, LLC,
EAGLES LANDING VILLAS AT
GOLDEN OCALA, LLC, GOLDEN
OCALA GOLF & EQUESTRIAN
CLUB MANAGMENT, LLC,
STOCK DEVELOPMENT, LLC
and BRIAN STOCK,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Crossclaim Defendants', Stock Development, LLC, and Brian Stock (collectively "Stock"), Motion for Leave to File Amended Answer and Affirmative Defenses to Defendants' R.L.R. Investments, LLC, Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club Management, LLC ("Golden Ocala") (collectively the "Developer Defendants"), Crossclaims (Doc. 117) filed on January 11, 2017. The Developer

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

Defendants oppose the requested relief. Doc. 123. For the reasons stated below, the Court recommends that Stocks' motion be denied.

## I. Background

On June 29, 2015, Plaintiff filed a Complaint against the Developer Defendants and Stock (collectively "Defendants"). Doc. 1. Plaintiff is an architectural firm comprised of licensed architects, conducting business in Collier County, Florida. *Id.* ¶ 11. Plaintiff alleges that on September 22, 2004, Plaintiff entered into a contract with Stock to create a master plan and architectural designs for homes (the "Work") in the Olé and Paseo communities located in Collier and Lee Counties. *Id.* Plaintiff claims that shortly after Plaintiff completed the requested designs, construction began. *Id.* ¶ 12.

Plaintiff alleges that on March 4, 2009, Stock decided to terminate its contract with Plaintiff and sent a letter of notice to Plaintiff. *Id.* ¶ 13. The letter allegedly contained the parties' release agreement pursuant to which Plaintiff released its drawings and specifications to Stock to be used on the Ole and Paseo projects. *Id.* Plaintiff argues that as conditions of the release agreement, Plaintiff's drawings and specifications remained as Plaintiff's property, and Plaintiff reserved the right to exclusive copyright and other intellectual property rights to the Work. *Id.* ¶¶ 14-15. The release agreement also prohibited any future architect's use of the Work absent an indemnification agreement with Plaintiff. *Id.* ¶ 15.

According to Plaintiff, in May 2014, it discovered that the Developer Defendants were using the Work for the development of a property known as Eagles

Landing.  *Id.* ¶¶ 17-19.  Plaintiff alleges that one or more homes in Eagles Landing were exact duplicates of the Work.  *Id.* ¶ 19.  Plaintiff claims that it issued a cease and desist letter to Golden Ocala in November 2014 and applied for and received a Certificate of Copyright Registration of the Work.  *Id.* ¶¶ 21-23.  On December 5, 2014, Plaintiff allegedly received a letter from Golden Ocala that Stock licensed the Work to Golden Ocala for limited use in Eagles Landing.  *Id.* ¶ 24.  Plaintiff claims that Stock had no right to license the Work to the Developer Defendants.  *Id.*  As a result, Plaintiff commenced this lawsuit, alleging causes of action for copyright infringement against the Developer Defendants, breach of contract against Stock, and a declaratory judgment that Stock had no right to grant a limited license of the Work.  *Id.* at 6-9.

According to the Amended Case Management and Scheduling Order ("CMSO"), the parties' deadline to add parties or to amend pleadings was September 30, 2016.  Doc. 81 at 1.

### II. Stock's Motion for Leave to File Amended Answer and Affirmative Defenses to Developer Defendants' Crossclaims (Doc. 117)

On February 5, 2016, the Developer Defendants filed an Answer, Affirmative Defenses, Counterclaims and Crossclaims in response to Plaintiff's Complaint (Doc. 1).  Doc. 54.  The Developer Defendants also raised four counts of cross-claims against Stock.[2]  *Id.* at 19-25.  On October 5, 2016, Stock filed an Answer and

---

[2] On August 30, 2016, Judge Steele granted in and denied part Plaintiff's motion to strike Golden Ocala's affirmative defenses and granted Plaintiff's motion to dismiss Golden Ocala's counterclaims.  Doc. 74.  Judge Steele ordered Golden Ocala to replead certain affirmative defenses within twenty-one days of the Order.  *Id.* at 27.  As a result, the Developer Defendants filed a Second Amended Answer, Affirmative Defenses, and

Affirmative Defenses to the Developer Defendants' Second Amended Answer, Affirmative Defenses, Counterclaims. Doc. 83.

Stock's present motion seeks to amend its Answer and Affirmative Defenses filed in response to the Developer Defendants' crossclaims by adding four affirmative defenses of failure to mitigate damages, waiver, estoppel, and unclean hands. Doc. 117 at 2. Stock alleges that on December 7, 2016, Plaintiff filed an affidavit of its principal, Fereydoon Pezeshkan, which revealed certain issues for the first time. *Id.* at 3-4. In light of the newly discovered allegations, Stock seeks to add new affirmative defenses. *Id.* at 4.

A party's motion to amend pleadings filed after the deadline set forth in the CMSO may be granted only upon a showing of good cause as prescribed by Rule 16(b) of the Federal Rules of Civil Procedure. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir.1998); *Thorn v. Blue Cross & Blue Shield of Fla. Inc.*, 192 F.R.D. 308 (M.D. Fla. 2000). Once good cause is shown, the court may consider whether leave should be granted under Rule 15. *Thorn*, 192 F.R.D. at 309-10. Here, because Stock filed the motion for leave to amend to add affirmative defenses after the deadline to amend the pleadings, the Rule 16(b)'s standard of good cause governs. *See id.*

This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party" seeking to amend. *Sosa*, 133 F.3d at 1418 (internal quotations and citation omitted). The court evaluates diligence by

---

Counterclaims, but Judge Steele's Order did not alter the Developer Defendants' crossclaims against Stock. Doc. 79 at 18. Stock's response to the Developer Defendants' cross-claims remain unaltered. Doc. 83 at 2.

considering the following factors: "(1) whether the [party] failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the [party]; and (3) even after acquiring information, whether the [party] delayed in asking for amendment." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009).

Here, Stock does not address at all the good cause standard under Rule 16, and the Developer Defendants argue that Stock does not have good cause to add affirmative defenses at this late stage in the proceedings. Docs. 117 at 5-6, 123 at 4-5. The Developer Defendants assert that although Stock did not know of the information contained in Plaintiff's affidavit, Stock did not try diligently to uncover this information. Doc. 123 at 4. Despite the fact that the discovered information might have been critical to Stock's defenses to the Developer Defendant's cross-claims, the Developer Defendants argue that Stock did not serve any discovery request on this issue. *Id.* Given that this case has been pending since June 29, 2015, the Court finds persuasive the Developer Defendants' argument that Stock did not diligently engage in discovery to uncover the information at issue. Doc. 1; *Auto-Owners Ins.*, 648 F. Supp. 2d at 1375; *Sosa*, 133 F.3d at 1418.

In addition to not diligently engaging in discovery, the Court finds that Stock also lacked diligence in filing this motion. Knowing that the deadline of September 30, 2016 to amend pleadings had expired, Stock waited another month to file this motion after Plaintiff filed its affidavit at issue. Docs. 81, 94-1, 117; *see Auto-*

*Owners Ins.*, 648 F. Supp. 2d at 1375; *Sosa*, 133 F.3d at 1418. Despite this one-month delay, Stock neither addresses the relevant legal standard nor explains the one-month delay in bringing this present motion. Doc. 117 at 5-6. Regardless, Stock does not explain why it could not have uncovered the information contained in Plaintiff's affidavit through discovery at the earlier stage of these proceedings. Doc. 117; *see Auto-Owners Ins.*, 648 F. Supp. 2d at 1375.

Even assuming that Stock demonstrates good cause under Rule 16(b), the Court finds that Stock does not meet the standard under Rule 15. Rule 15 of the Federal Rules of Civil Procedure provides that, for amendments not filed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (internal quotation marks omitted).

"Motions for leave to amend can prejudice the nonmoving party, when the request for leave to amend is not made in a timely manner." *Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 679 (M.D. Fla. 1999). Furthermore, the court "considers the degree of discovery completed when determining whether to grant a motion to amend, and in addition to this factor, the

[c]ourt must determine how the proposed amendments will affect future discovery." *Butler v. Crosby*, No. 3:04CV917-J-32MMH, 2006 WL 1071988, at *9 (M.D. Fla. Feb. 8, 2006).

Stock argues that the grounds for denial do not exist. Doc. 117 at 5. Stock asserts that its delay in filing this motion is not undue because it filed this motion immediately upon learning of the new allegations in Plaintiff's affidavit. *Id.* at 5-6. Stock further argues that its proposed affirmative defenses are not futile. *Id.* at 6. The Developer Defendants respond that Stock's proposed amendment will cause undue prejudice to them. Doc. 123 at 5. The Developer Defendants argue that in light of the upcoming CMSO deadlines, they have insufficient time to respond to Stock's proposed additional affirmative defenses and already have spent a considerable amount of time and resources on discovery based upon Stock's original affirmative defenses. *Id.*

Here, the Court finds that Stock's proposed affirmative defenses might cause undue prejudice to the Developer Defendants. *See id.* The proposed affirmative defenses are based on the new set of facts from Plaintiff's affidavit filed on December 7, 2016. Docs. 94-1, 117 at 4; *cf. Bush v. Bahia Sun Assocs. Ltd. P'ship*, No. 8:07-cv-1314-T-17-EAJ, 2009 WL 963133, at *4 (M.D. Fla. Apr. 8, 2009) (finding no undue prejudice because the other party consented to the motion to amend and the proposed answer consisted of a legal issue that did not add any new issues or new facts). As a result, allowing new affirmative defenses would require the Developer Defendants "to undertake new strategies and engage in new fact discovery." *Grenier v. Marlow*

*Yachts, Ltd.*, No. 8:11-cv-2083-JDW-TGW, 2013 WL 12159349, at *2 (M.D. Fla. May 7, 2013). Furthermore, given that this case has been pending since June 29, 2015, waiting until four weeks before the close of discovery[3] to add new affirmative defenses, without a showing of good cause, constitutes undue delay. *Id.*

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Crossclaim Defendants', Stock Development, LLC, and Brian Stock, Motion for Leave to File Amended Answer and Affirmative Defenses to Defendants' R.L.R. Investments, LLC, Eagles Landing Villas at Golden Ocala, LLC, and Golden Ocala Golf & Equestrian Club Management, LLC, Crossclaims (Doc. 117) be **DENIED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 7th day of February, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[3] The current discovery deadline is February 10, 2017. Doc. 81.