UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PK STUDIOS, INC.,

    Plaintiff,

v.                                            Case No:   2:15-cv-389-FtM-99CM

R.L.R. INVESTMENTS, LLC,
EAGLES LANDING VILLAS AT
GOLDEN OCALA, LLC, GOLDEN
OCALA GOLF & EQUESTRIAN
CLUB MANAGMENT, LLC,
STOCK DEVELOPMENT, LLC
and BRIAN STOCK,

    Defendants.

## ORDER

This matter comes before the Court upon review of the Joint Motion for Extension of Expert Deadlines Only and Memorandum in Support (Doc. 141) filed on February 16, 2017.

On February 7, 2017, the Court granted Plaintiff's motion to substitute its damages expert (Doc. 114) and allowed Plaintiff until February 14, 2017 to substitute its damages expert and Defendants until March 16, 2017 to supplement their expert disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. Doc. 131 at 11. Given Plaintiff's substitution of its damages expert, the Court also directed the parties to file a joint motion to extend the CMSO deadlines. *Id.* at 9-10. In response, the parties filed the present motion, seeking to extend their deadlines to disclose expert reports only. Doc. 141. Specifically, the parties ask that

Defendants have until April 3, 2017 to serve responsive expert reports and May 2, 2017 to depose Plaintiff's new damages expert, Lloyd J. Morgenstern, C.P.A. *Id.* at 2.

On December 24, 2015, Senior United States District Judge John E. Steele issued a Case Management and Scheduling Order ("CMSO"). Doc. 48. On September 8, 2016, the Court entered an Amended CMSO, extending Plaintiff's deadline for disclosure of expert reports to October 28, 2016, Defendants' deadline for disclosure of expert reports to November 30, 2016, the discovery deadline to February 10, 2017, the mediation deadline to February 17, 2017, the deadline for dispositive motions to March 31, 2017, and the trial term to commence on July 3, 2017. Doc. 81.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).

Here, the Court will grant the requested extension because the parties show good cause and the motion is unopposed. The extended deadlines, however, are only for Defendants to disclose responsive expert reports and to depose Plaintiff's new

damages expert.  Doc. 141.  This Order also does not affect the remaining deadlines, including the deadline for dispositive motions and the trial term.  Doc. 81.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Joint Motion for Extension of Expert Deadlines Only and Memorandum in Support (Doc. 141) is **GRANTED**.

2. Defendants shall have up to and including **April 3, 2017** to disclose responsive expert reports.

3. Defendants shall have up to and including **May 2, 2017** to depose Plaintiff's new damages expert, Lloyd J. Morgenstern, C.P.A.

4. All other deadlines in the Amended Case Management and Scheduling Order (Doc. 81) remain in effect.

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of February, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record