```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PK STUDIOS, INC.,

      Plaintiff,

v.                                      Case No: 2:15-cv-389-FtM-29CM

R.L.R. INVESTMENTS, LLC,
EAGLES LANDING VILLAS AT
GOLDEN OCALA, LLC, GOLDEN
OCALA GOLF & EQUESTRIAN CLUB
MANAGMENT, LLC, STOCK
DEVELOPMENT, LLC, and BRIAN
STOCK,

      Defendants.

_____

## **OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #132), filed February 7, 2017, recommending that Crossclaim-defendants Stock Development, LLC and Brian Stock's (the Stock defendants) Motion for Leave to File Amended Answer and Affirmative Defenses (Doc. #117) be denied. Crossclaim-defendants Stock Development, LLC and Brian Stock filed Exceptions to the Report and Recommendation of the Magistrate (Doc. #145) on February 21, 2017, and Crossclaim-plaintiffs R.L.R. Investments, LLC, Eagles Landing Villas at Golden Ocala, LLC and Golden Ocala Golf & Equestrian Club Management, LLC filed a Response (Doc. #158) on April 5, 2017.[1]

---

[1] Crossclaim-plaintiffs were granted leave to file a response

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

As a preliminary matter, the Stock defendants rely on Fed. R. Civ. P. 15 to freely allow amendments, however the motion was denied pursuant to Fed. R. Civ. P. 16(b) because it was made *after* the expiration of the deadline to amend pleadings, and required a showing of good cause. The Magistrate Judge did not find good cause because the Stock defendants failed to diligently engage in

---

after the case was reopened. (Doc. #154.)

discovery to uncover the information sooner, and then delayed in bringing a motion to amend after plaintiff produced discovery from a non-party and the Affidavit of its owner.  The Magistrate Judge further found the potential for prejudice, and undue delay, given that the case had been pending since June 29, 2015, and the motion was filed a month before the close of discovery.

As relevant here, the December 1, 2016 Affidavit of Fereydoon Pezeshkan, the principal and owner of PK Studios, Inc., alleges:

> 12. **In mid-November 2012, I received a call from Eric at F&G Construction.** He knew that PK Studios was the architect for the Paseo and Ole developments and said that he was told that we were working on updating plans. He requested updated plans for pricing purposes for a project in Ocala. I indicated to him that I was not aware of any such project, and he indicated that I should speak with Mr. Rick Duken, the contact for the Developer.
>
> 13. Shortly after my conversation with Eric, I contacted Mr. Duken. I advised Mr. Duken that the Paseo and Ole Plans were "our plans" and that we would be happy to assist him with the Ocala project. Mr. Duken indicated that the Developer was not sure what direction it would be heading, and that he would get back with me if they wanted to use our services. I never heard back from Mr. Duken, and quite honestly, forgot about the potential work.
>
> 14. In 2014, my office was again contacted relative to plans for a project in Ocala. Eric, of F&G Construction, appeared to be confused and thought that PK Studios was the architect for the Eagles Landing Project in Golden Ocala, Marion County, Florida (the "Eagles Landing Project"). I then discovered that RLR, Eagles Landing, and Golden Ocala (hereinafter collectively "Developer

> Defendants") had in fact moved forward with the Project by copying and using our Plans. Upon investigation, I discovered that the Developer Defendants had been advertising on their website, and designing and constructing residences with the Plans within the Eagles Landing Project, located in the Golden Ocala development, that were identical to the floor plans of the casitas/villas and townhomes that my staff and I had designed for the Ole and Paseo communities. It now appears that Mr. Duken and the Developer Defendants intentionally copied and used our Plans knowing that PK Studios asserted ownership of the Plans.

(Doc. #94-1, Exh. A, ¶¶ 12-14) (emphasis added). Although the reference to a mid-November 2012, call from Eric at F&G Construction was not previously stated in a pleading, the allegation that PK Studios was contacted in May 2014, by a representative of contractor F&G Construction, "who appeared to be confused and thought Plaintiff was the architectural firm" was contained in the original June 29, 2015 Complaint (Doc. #1, ¶ 17). According to the Crossclaims (Doc. #54) and Answer (Doc. #56) thereto, the Developer defendants entered into a license agreement with the Stock defendants on or about November 5, 2012, an obviously relevant time period to plaintiff's claims and the crossclaims. (Doc. #54, p. 20, ¶ 4; Doc. #56, ¶ 4.)

The fact that there was prior contact in 2012, prior to the 2014 contact, was easily discoverable if the Stock defendants had made the request during the discovery process or sought further

information regarding the identified non-party, F&G Construction. The lack of diligence during discovery obfuscates any good cause.

After a careful and complete review of the findings and recommendations, as well as an independent review of the record in this case, the Court accepts and adopts the Report and Recommendation of the magistrate judge, and will overrule the objections of the crossclaim-defendants (the Stock defendants).

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #132) is hereby **ACCEPTED and ADOPTED** and the findings incorporated herein.
2. Crossclaim-defendants Stock Development, LLC and Brian Stock filed Exceptions to the Report and Recommendation of the Magistrate (Doc. #145) are **overruled.**
3. Crossclaim-defendants Stock Development, LLC and Brian Stock's Motion for Leave to File Amended Answer and Affirmative Defenses (Doc. #117) is **denied.**

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record